**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　Plaintiff/Respondent,<br>　　　v.<br>**JOSE ARVIZU MONTIJO,**<br>　　　　Defendant/Movant. | CR  06-1102 PHX SMM<br>CIV 08-1104 PHX SMM (MEA)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE:**

　　　　Mr. Jose Arvizu Montijo ("Movant") is currently confined at the Federal Correctional Institution in Phoenix, Arizona, pursuant to his conviction by the United States District Court for the District of Arizona. On June 16, 2008, Movant filed a motion pursuant to 28 U.S.C. § 2255, asking the Court to vacate his conviction. See Docket No. 1. Respondent filed a Motion to Dismiss Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Response") (Docket No. 2) on August 25, 2008. Respondents contend the petition was not timely filed and, therefore, it must be dismissed. The time allowed for Movant to file a reply to the response to his section 2255 petition expired September 23, 2008.

**I.   Procedural History**

On or about November 30, 2006, Movant entered into a written plea agreement with regard to the charge against him, i.e., one count of illegal entry after deportation, in violation of 8 U.S.C. § 1326(a) as enhanced by subsection (b)(2). See Docket No. 8, Attach.  In the plea agreement Movant waived his right to appeal or collaterally attack his conviction and sentence if the sentence imposed was within the sentencing range specified in the plea agreement. See id., Attach. In the plea agreement, Movant admitted he had been deported from the United States in 2005 and that he was voluntarily present and found in the United States in 2006.  See id., Attach.  Movant further admitted he was under supervised release for convictions for possession of marijuana with the intent to distribute and importation of marijuana when he committed his crime of illegal reentry after deportation.  See id., Attach.

**II.   Discussion**

Section 2255 provides, inter alia:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from ... the date on which the judgment of conviction becomes final.... [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review....

28 U.S.C. § 2255 (1994 & Supp. 2008).

Movant's guilty plea was accepted, the written plea agreement was entered into the record, and Movant was sentenced on March 5, 2007.  See Docket Nos. 11, 12, 13.  Judgment was entered and docketed by the Clerk of the Court on March 9, 2007.

See Docket No. 14.

The plea agreement signed by Movant waived his right to a direct appeal of his conviction and sentence. Therefore, Movant's conviction and sentence became final on March 23, 2007, when the time for filing a direct appeal of his conviction and sentence expired. See United States v. Schwartz, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001); United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (concluding that "an unappealed federal criminal judgment becomes final ten days after it is entered").[1]

Accordingly, Movant had until March 23, 2008, to file his federal habeas petition. The petition filed on June 16, 2008, was filed approximately three months after the statute of limitations on his section 2255 action expired.

---

[1] Although § 2255 does not define "final", the Supreme Court has applied its ordinary standard of finality. "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).
Where no appeal is sought, then the time begins to run "upon the expiration of the time during which she could have sought review by direct appeal." U.S. v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). A federal criminal defendant has ten days after "entry" of the judgment being appealed to file a notice of appeal. Fed. R. App. P. 4(b). In calculating those ten days, the Court must exclude intervening "Saturdays, Sundays, and legal holidays." Fed. R. App. P. 26(a)(2) (as amended effective 12/1/02.) "Entry" of a judgment occurs not upon pronouncement, or signing, but upon docketing by the clerk of the court. [] United States v. Najera-Escobar, 2006 WL 2989134, at *2-*3 (D. Ariz.).

The one-year deadline imposed by the AEDPA on the filing section 2255 motions is, in effect, a statute of limitations subject to equitable tolling. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). The doctrine of equitable tolling is to be applied sparingly to section 2255 actions, i.e., only if "extraordinary circumstances" beyond the prisoner's control made it impossible for him to file his section 2255 motion prior to the expiration of the time stated in the AEDPA. See id., citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003). Movant does not offer the court a basis for applying the doctrine of equitable tolling to his habeas petition.

### III. Conclusion

Movant did not file his section 2255 petition within the one-year statute of limitations. Movant does not assert that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Arvizu Montijo's Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 30th day of September, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

-5-